UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COSENZA COMFORT INC. D/B/A
MATTRESS BY APPOINTMENT
PUNTA GORDA,

    Plaintiff,

v.                                          Case No.:  2:23-cv-904-JLB-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

Before the Court is Defendant's Motion to Dismiss with Prejudice. (Doc. 17). Plaintiff has filed its response. (Doc. 19). As set forth herein, the Court finds that Defendant's Motion to Dismiss with Prejudice (Doc. 17) is **GRANTED IN PART.** Plaintiff will be afforded the opportunity to file a second amended complaint consistent with this Order.

## BACKGROUND[1]

Plaintiff purchased two forms of insurance coverage from Defendant: (1) commercial general liability ("CGL") coverage and (2) commercial property coverage

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). As such, the Court accepts the facts recited in the Amended Complaint (Doc. 13).

1

(the "Policy"). (Doc. 13-1 at 5).[2] Plaintiff executed the Lease Agreement (the "Lease") for the premises located at 1133 Bal Harbour Boulevard, Unit 1113, Punta Gorda, Florida 33950—the same premises covered under the terms of the Policy. (Doc. 13-2; Doc. 13 at ¶¶ 4, 10; Doc. 13-1 at 3, 6, 98). Thereafter, "[w]hile the Policy was in full force and effect, the Property suffered a direct physical loss caused by Hurricane Ian on or about September 28, 2022. The interior of the rented premises was damaged as well as the contents. (Loss)." (Doc. 13 at ¶ 5). Without alleging any further facts about the claim submitted to Defendant or the subsequent denial of the claim, Plaintiff alleges they "reported the Loss to Defendant" and "Defendant assigned claim number KY22K2946691 to the Loss and investigated the Loss." (*Id.* at ¶¶ 7, 8).

Plaintiff generally alleges that "Defendant was obligated to indemnify Plaintiff for the Loss" and brings this breach of contract claim[3] for "Defendant['s] fail[ure] to correctly (a) determine the cause of the Loss, (b) determine whether the Policy excluded or excepted coverage, and/or (c) [] indemnify Plaintiffs for the Loss." (*Id.* at ¶¶ 9, 16). Plaintiff alleges its damages as "unpaid contracted-for insurance benefits." (*Id.* at ¶ 21).

---

[2] The Policy (Doc. 13-1) and Lease Agreement (Doc. 13-2) are duly considered by this Court when analyzing Defendant's Motion to Dismiss with Prejudice (Doc. 17), as they are attachments to the Amended Complaint (Doc. 13). *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

[3] Although no specific counts are set forth in the Amended Complaint (Doc. 13), the Court has surmised that Plaintiff's claim is one for breach of contract.

## LEGAL STANDARD

To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Defendant argues that Plaintiff has failed to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), by its failure to "state a plausible claim for indemnification" under the CGL coverage.  (Doc. 17 at 6–11).  Specifically, Defendant argues that (i) Plaintiff "does not identify any damages [they are] legally obligated to pay to any third party" (*id.* at 8); (ii) the "'property damage' at issue is excluded" (*id.* at 9); (iii) "several categories of the compensatory damages sought by the Plaintiff do not come within the scope of coverage" (*id.*); (iv) "the Amended Complaint is devoid of any allegation that the Plaintiff was sued or has paid any money non-consensually" (*id.*); and (v) the meaning of "insured contract" is irrelevant because Defendant is not seeking to limit coverage under the Contractual Liability exclusion (*id.* at 10).

Although the Court has grave concerns as to the merits of Plaintiff's claims, the Court need not address the Defendant's arguments here because the Amended Complaint suffers from fundamental pleading deficiencies.  First, Plaintiff has

failed to sufficiently plead for the Court to determine if it has subject-matter jurisdiction. Next, it is unclear whether Plaintiff's claim is brought under the Policy's CGL coverage (a third-party claim) or commercial property coverage (a first-party claim). The Court will address these deficiencies in turn.

I. **Plaintiff Has Failed to Plead Subject-Matter Jurisdiction.**

Under 28 U.S.C. § 1332, courts have original jurisdiction over civil cases where (i) the value of the controversy exceeds $75,000, exclusive of interest and costs, and (ii) the parties are citizens of different states. The Amended Complaint (Doc. 13) fails to adequately plead subject-matter jurisdiction. That is, it fails to plead diversity of citizenship and damages for a dollar amount that reaches the $75,000 jurisdictional requirement. The Amended Complaint instead pleads that the case involves an "action for damages more than $50,000.00.' (Doc. 13 at ¶1). Therefore, Plaintiff must amend its Amended Complaint and properly plead subject-matter jurisdiction.

II. **It is Unclear Whether Plaintiff's Claim is Brought Under the Policy's CGL Coverage or Commercial Property Coverage.**

Plaintiff does not provide enough facts for the Court to ascertain whether they are claiming a loss under the Policy's CGL coverage (third-party insurance) or commercial property coverage (first-party insurance). Attached to the Amended Complaint (Doc. 13) is the Policy including both CGL and commercial property coverage. (Doc. 13-1).

Plaintiff alleges that "Defendant agreed to provide general liability insurance to protect the insured against losses caused by Hurricane and Windstorms" (Doc. 13

4

at ¶ 3), that the Policy covered "all liability arising out of the lease for property damages caused by Hurricane and Windstorms" (*id.* at ¶ 13), and that Defendant is obligated to "indemnify Plaintiff for the Loss." (*id.* at ¶ 9).  Plaintiff also alleges that "[p]ursuant to the Lease [they are] legally obligated to pay to repair damages caused by Hurricane and Windstorm" (*id.* at ¶ 15), alluding to potential coverage under the CGL coverage for "sums that the insured becomes **legally obligated** to pay as **damages** because of . . . 'property damage' to which this insurance applies." (*Id.* at ¶ 14; Doc. 13-1 at 64) (emphasis added).  However, Plaintiff's allegations stop there, and there are no further allegations of specific sums paid, owed, or demanded under the terms of the Lease by the lessor.

Plaintiff alleges that it "reported the Loss to Defendant" and identifies that "Loss" as damages to the "interior of the rented premises" and its "contents."  (Doc. 13 at ¶¶ 5, 6).  Whether the "Loss" Plaintiff is alleging was property damage sustained by the Plaintiff (a potential first-party insurance claim under the commercial property coverage) or a "sum that the insured bec[ame] legally obligated to pay as damages because of . . . 'property damage'" (Doc. 13-1 at 64) (a potential third-party insurance claim under the CGL) is unclear—yet crucial to Plaintiff's case.

Accordingly, the Court finds the Amended Complaint (Doc. 13) is due to be dismissed without prejudice.  The Court grants Plaintiff leave to file a second amended complaint.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave

[to amend] when justice so requires."). The Court cautions Plaintiff that it is unlikely to grant further leave to amend the complaint.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 17) is **GRANTED in part**.

2. The Amended Complaint (Doc. 13) is **DISMISSED without prejudice**.

3. Plaintiff shall have leave to file a second amended complaint. Should Plaintiff do so, Plaintiff must file such within fourteen (14) days. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Fort Myers, Florida on June 14, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE